## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CINDY LEA STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-00877-JD |
| ) | |
| JONATHON T. TAYLOR, individually; ) | |
| and DANNY HERMAN TRUCKING, ) | |
| INC., a Tennessee Corporation, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is Defendant Danny Herman Trucking, Inc.'s ("Danny Herman") Partial Motion to Dismiss ("Motion") [Doc. No. 9], which seeks dismissal of the claims for negligent hiring, training, retention, and entrustment in Plaintiff Cindy Lea Stanley's ("Stanley") amended petition [Doc. No. 1-3]. Danny Herman seeks dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Stanley responded in opposition [Doc. No. 12], and Danny Herman replied [Doc. No. 14]. For the reasons stated below, the Court grants in part and denies in part Danny Herman's Motion.

### I.   BACKGROUND

On October 2, 2022, Stanley was driving in Oklahoma County, Oklahoma, when she was involved in a motor vehicle accident. Pet. [Doc. No. 1-3] ¶ 4. Defendant Jonathon T. Taylor ("Taylor")[1] was driving the other vehicle involved in the collision; at

---

[1] This is how the initiating pleading, the Notice of Removal, spells Taylor's first name and how it appears on the Court's docket. It appears to be spelled different ways in

the time of the accident, Taylor was acting in the course of his employment with Danny Herman, which owned the vehicle Taylor was driving. *Id.* ¶¶ 2–3, 5. As a result of the crash, Stanley alleges she suffered personal injuries and mental anguish; she also alleges she incurred medical expenses and damage to her vehicle. *Id.* ¶¶ 8, 10.

Stanley filed this action against Danny Herman in the District Court of Oklahoma County, Oklahoma, seeking compensatory and punitive damages under a theory of *respondeat superior* liability for Taylor's alleged negligence, as well as claims for negligent hiring, training, retention, and negligent entrustment. *Id.* ¶¶ 5–6, 12. Danny Herman removed the action to this Court based on diversity of citizenship. Notice of Removal [Doc. No. 1] at 1.

Danny Herman moves to dismiss Stanley's claims for negligent hiring, training, and retention; because it has stipulated to *respondeat superior* liability, Danny Herman argues that *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, bars recovery on these claims as a matter of law. Motion at 1. Danny Herman also moves to dismiss Stanley's claim for negligent entrustment, arguing that the petition does not allege sufficient facts to state a claim. *Id.*[2]

---

the parties' filings. Once the proper spelling is determined, the parties should confer and move to amend the caption if necessary.

[2] Danny Herman does not argue that the negligent hiring, training, and retention claims fail to allege sufficient facts to state a claim and only raises this as a basis to dismiss the negligent entrustment claim. *See* Motion at 6 ("Plaintiff's Amended Petition fails to allege sufficient facts to state a claim for negligent entrustment against Danny Herman."). The Court follows the principle of party presentation and considers the arguments raised in the Motion. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (explaining that courts "rely on the parties to frame the issues for decision" and

## II. LEGAL STANDARD

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court must "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017).

## III. ANALYSIS

### A. Stanley's claims for negligent hiring, training, and retention do not fail as a matter of law at the pleading stage.

In this diversity action, Oklahoma's substantive tort law governs. *See Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007); *Erie R. Co. v. Tompkins*, 304

---

"normally decide only questions presented by the parties" (internal quotation marks and citations omitted)).

3

U.S. 64, 78 (1938). When applying Oklahoma law, the Court "must follow the most recent decisions of the state's highest court." *Wade*, 483 F.3d at 665–66. If there is no controlling decision from the Oklahoma Supreme Court, the Court "must attempt to predict" how that court would rule by "seek[ing] guidance from decisions rendered by lower courts in [Oklahoma], appellate decisions in other states with similar legal principles, district court decisions interpreting the law of [Oklahoma], and 'the general weight and trend of authority' in the relevant area of law." *Id.* at 666 (internal citations omitted). When making this prediction, the Court may consider "the holdings and considered dicta" of the Oklahoma Supreme Court. *Colo. Visionary Acad. v. Medtronic, Inc.*, 397 F.3d 867, 871 (10th Cir. 2005) (quoting *Hardy Salt Co. v. S. Pac. Transp. Co.*, 501 F.2d 1156, 1163 (10th Cir. 1974)).

Danny Herman stipulates that Taylor was acting in the course and scope of his employment at the time of the accident. *See* Answer [Doc. No. 7] ¶ 5. It therefore relies on the Oklahoma Supreme Court's decision in *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, to assert that Stanley "is precluded from asserting direct negligence claims against Danny Herman based on negligent hiring, training, and retention as a matter of law." Motion at 1.

In *Jordan*, after an altercation with the manager of a Shop N Save, the plaintiff sued the manager and the store for the alleged battery, "claiming the employer was liable both under the doctrine of *respondeat superior* and for the negligent hiring and retention of [the manager]." 1997 OK 9, ¶ 7, 935 P.2d at 291. On appeal, the Oklahoma Supreme Court affirmed the trial court's grant of summary judgment on the plaintiff's negligent

4

hiring and retention claims. *Id.* ¶ 21, 935 P.2d at 294. The court's opinion initially noted that, under Oklahoma law, "punitive or exemplary damages may be awarded against the principal for a servant's act under the doctrine of *respondeat superior*." *Id.* ¶ 9, 935 P.2d at 292. In light of that exposure to punitive damages under *respondeat superior*, the court held that "the theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established." *Id.* ¶ 15, 935 P.2d at 293. But in cases like *Jordan* "where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine," that stipulation makes "any other theory for imposing liability on the employer unnecessary and superfluous." *Id.* ¶ 16, 935 P.2d at 293. In other words, "[w]hen an employer stipulates that an employee is acting within the scope of employment at the time of an altercation and punitive damages are available against it under the theory of *respondeat superior,* an additional claim for negligent hiring exposes the employer to no additional liability." *Id.* ¶ 21, 935 P.2d at 294.

In response to Danny Herman's argument, Stanley argues that a later Oklahoma Supreme Court decision, *Fox v. Mize*, 2018 OK 75, 428 P.3d 314, *as corrected* (Oct. 2, 2018), limited *Jordan*'s scope, making that case inapplicable here. *Fox* concerned a motorcyclist's fatal collision with a company-owned, employee-driven tractor-trailer. *Id.* ¶ 1, 428 P.3d at 317. The motorcyclist's estate sued the driver for negligence, brought the same claim against the employer under a *respondeat superior* theory, and also sued the employer for negligent hiring, training, retention, and entrustment. *Id.* ¶ 2, 428 P.3d at 318. Because the employer stipulated to *respondeat superior* liability, the trial court

dismissed the negligent hiring claim under *Jordan*; however, it denied the employer's motion to dismiss as to the negligent entrustment claim. *Id.* ¶ 3, 428 P.3d at 318. The employer filed an immediate interlocutory appeal to the Oklahoma Supreme Court challenging the trial court's denial of its motion to dismiss the negligent entrustment claim. *Id.* The plaintiff did not appeal the trial court's dismissal of the negligent hiring claim. *Id.* ¶ 14, 428 P.3d at 322.

Ruling only on the negligent entrustment claim, the Oklahoma Supreme Court affirmed. *Id.* ¶ 4, 428 P.3d at 319. The court held that "an employer's liability for negligently entrusting a vehicle to an unfit employee is a separate and distinct theory of liability from that of an employer's liability under the respondeat superior doctrine." *Id.* ¶ 14, 428 P.3d at 322. Whereas an employer's exposure to punitive damages under a *respondeat superior* claim depends on "*an employee's conduct*," the employer's exposure to punitive damages under a negligent entrustment claim depends on "[w]hether the employer's prior knowledge rises to the level of gross negligence." *Id.* ¶ 11, 428 P.3d at 321. Thus, the court reasoned, "an employer's exposure to punitive damages 'could differ significantly based on whether the focus of the punitive damages inquiry was the wrongful [or] negligent conduct of the agent or the negligent conduct of the employer.'" *Id.* (quoting *Chamberlain v. Thomas*, No. CIV-11-1430-HE, 2012 WL 4355908, at *1 (W.D. Okla. Sept. 24, 2012)). The court emphasized that although "inconsistent judgments or *double recovery may not be permissible*, [a] party is not prevented from fully litigating the inconsistent theories or defenses at trial." *Id.* ¶ 12, 428 P.3d at 321–22 (alteration in original) (quoting *Howell v. James*, 1991 OK 47, ¶ 11, 818 P.2d 444, 447).

6

Because these theories are "separate and distinct," and because Oklahoma law allows litigants to pursue separate theories at trial, the court concluded that "[a]n employer's stipulation that an accident occurred during the course and scope of employment does *not*, as a matter of law, bar a negligent entrustment claim." *Id.* ¶ 14, 428 P.3d at 322.

Although this reasoning is in direct conflict with the court's prior decision in *Jordan*, the court noted that "[t]he facts in *Jordan* are distinguishable from the case at bar because *Jordan* involved a battery claim against the employee and a negligent hiring claim against the employer." *Id.* "Because the Plaintiff in this case did not appeal the district court's dismissal of the negligent hiring claim," the court continued, "we need not determine whether a negligent hiring claim should be treated differently than a negligent entrustment claim." *Id.* The court followed this statement with a footnote:

> We recognize the tension in our case law in this regard. As one federal district court has stated: "It is difficult to discern a persuasive basis for treating a claim for negligent entrustment differently from a claim for negligent hiring" because both "presumably rely on the employer's own acts or negligence." *Warner*, 5:16-cv-00305-HE (Feb. 10, 2017). However, the issue is not currently before us on appeal. We do take this opportunity, however, to expressly state that, for now, the holding in *Jordan* is limited to its facts.

*Id.* n.12.

Oklahoma's federal district courts are divided over how the Oklahoma Supreme Court's decision in *Fox*—which addressed only negligent entrustment claims—impacted *Jordan* by limiting its holding "to its facts." For example, in *Stalnaker v. Three Brothers*

7

*Transport, LLC*, 20-CV-00140-JED-CDL, at 7 (N.D. Okla. Jan. 31, 2022),[3] the court reasoned that "[w]hen *Fox* said 'the holding in *Jordan* is limited to its facts,' it almost certainly had in mind the following: '*The facts in Jordan* are distinguishable from the case at bar because *Jordan* involved a battery claim against the employee and a negligent hiring claim against the employer.'" (citation omitted) (quoting *Fox*, 2018 OK 75, ¶ 14 & n.12, 428 P.3d at 322). Thus, under this reading of *Fox*, "*Jordan* remains controlling only where the plaintiff alleges battery against the employee and negligent hiring against the employer." *Id.* On the other hand, other courts have reasoned that "*Fox* did not sweep so broadly," instead holding that "*Fox* simply declined to extend *Jordan* to claims of negligent entrustment." *Jarrell v. Haaji*, No. CIV-23-00037-PRW, 2023 WL 8655869, at *2 & n.12 (W.D. Okla. Dec. 14, 2023) (collecting cases holding that "*Jordan* remains good law, and this Court is obliged to follow it"). "Although *Fox* limited *Jordan* to its facts," these courts are "not persuaded . . . that *Jordan*'s holding does not apply" outside the context of intentional torts or battery claims. *Schriner v. Gerard*, No. CIV-23-206-D, 2023 WL 3138026, at *2 (W.D. Okla. Apr. 27, 2023).

Presumably, the Oklahoma Supreme Court will soon resolve this disagreement by answering the following certified question from the Northern District of Oklahoma:

> Whether *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997) prevents a plaintiff who asserts both vicarious liability claims and direct negligence claims against an employer—but does not assert an intentional tort claim—from maintaining claims against the employer for negligent hiring, training, retention, or supervision where the employer has stipulated that its employee was acting within the course and scope of employment?

---

[3] This order is found on this Court's docket at [Doc. No. 12-1], and the page numbers represent the original page numbers in that order.

*Richardson v. Sibley*, No. 23-CV-00059-JDR-MTS, 2024 WL 709206, at *4 (N.D. Okla. Feb. 21, 2024). Until it does, the Court "must follow the most recent decisions of the state's highest court," which in this case is *Fox*. *See Wade*, 483 F.3d at 665–66. The Court agrees with the *Stalnaker* court's reading of *Fox*. When *Fox* "limited [*Jordan*] to its facts," the "facts" to which the court referred were those it recited just before the footnote: "a battery claim against the employee and a negligent hiring claim against the employer." 2018 OK 75, ¶ 14 & n.12, 428 P.3d at 322. Because *Jordan* controls only where a plaintiff brings a battery claim against an employee and a negligent hiring claim against their employer, it does not apply to this case.[4] It is therefore an open question of Oklahoma law—though, presumably, not for long—whether a plaintiff can pursue claims against an employer for negligent hiring, retention, and training when the employer has stipulated to *respondeat superior* liability for its employee's negligence. *See Richardson*, 2024 WL 709206, at *4. Thus, the Court must attempt to predict how the Oklahoma Supreme Court would answer this question.

---

[4] Danny Herman argues that this interpretation of *Fox* "leads to the illogical result that an employer would be directly liable for negligent hiring if its employee acted negligently, but would not be directly liable if it negligently hired a person with a lengthy history of violence who assaults a customer." Reply [Doc. No. 14] at 3 (citing *Gregory v. Lindamood Heavy Hauling, Inc.*, No. CIV-22-327-R, 2022 WL 2792203, at *3 (W.D. Okla. July 15, 2022)). However, it is just as illogical to draw a stark distinction between claims for negligent entrustment and negligent hiring when "both 'presumably rely on the employer's own acts or negligence.'" *Fox*, 2018 OK 75, n.12, 428 P.3d at 322 (quoting *Warner v. Miller*, No. CIV-16-0305-HE, 2017 WL 11556453, at *2 (W.D. Okla. Feb. 10, 2017)). In any case, this public policy consideration may play a role in the Oklahoma Supreme Court's determination of this issue, but such considerations are beyond this Court's role. It is not this Court's position to say what the law should be; the job of the Court is to apply the law as the Oklahoma Supreme Court has explained it.

Considering "the holdings and considered dicta" in *Fox*, the Court predicts that the Oklahoma Supreme Court would not bar Stanley from pursuing her claims for negligent hiring, retention, and training. *See Colo. Visionary Acad. v. Medtronic, Inc.*, 397 F.3d 867, 871 (10th Cir. 2005) (quoting *Hardy Salt Co. v. S. Pac. Transp. Co.*, 501 F.2d 1156, 1163 (10th Cir. 1974)). As discussed above, the *Fox* court's decision hinged on the fact that an employer's liability for punitive damages might differ under the distinct theories of negligent entrustment and *respondeat superior*, and that plaintiffs may pursue separate theories for recovery throughout trial without obtaining double recovery. 2018 OK 75, ¶¶ 11–12, 428 P.3d at 321–22. This rationale applies with equal force to claims for negligent hiring, training, and retention. Because an employer's exposure to punitive damages could be significantly different under claims for negligent hiring, training, and retention and a claim for *respondeat superior* liability, it would not be superfluous for a plaintiff to plead claims under both theories. *Cf.* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

The *Fox* court did not expressly consider claims for negligent hiring, training, and retention because they were not before the court on appeal. Nevertheless, the court signaled that it understood the incongruous results that would arise from the constrained scope of its decision. *See* 2018 OK 75, ¶ 14 n.12, 428 P.3d at 322. The court did not limit its decision to negligent entrustment claims because those claims are in any way analytically distinct from negligent hiring claims. Instead, the court's narrow opinion was

a consequence of the course of litigation in that particular case. The Court predicts that when the issue comes before the Oklahoma Supreme Court, the court will apply the same reasoning in *Fox* to claims for negligent hiring, training, supervision, and retention.

Therefore, the Court concludes that although Danny Herman has stipulated to *respondeat superior* liability, at this pleading stage, *Jordan v. Cates* does not bar Stanley's claims for negligent hiring, retention, and training. The Court denies Danny Herman's Motion to dismiss these claims.

> **B.    Stanley has not alleged sufficient facts to state a claim for negligent entrustment.**

In Oklahoma, "[t]o support an actionable claim for negligent entrustment of an automobile," a plaintiff must demonstrate that: (1) "a person who owns or has possession and control of an automobile allowed another driver to operate the automobile"; (2) "the person knew or reasonably should have known that the other driver was careless, reckless and incompetent"; and (3) "an injury was caused by the careless and reckless driving of the automobile." *Green v. Harris*, 2003 OK 55, ¶ 23, 70 P.3d 866, 871. *See also* 47 Okla. Stat. § 6-307 ("Any person as herein defined, who is the owner of any motor vehicle and knowingly permits such motor vehicle to be operated by any person who is not qualified to operate a motor vehicle under the provisions of this act, shall be held civilly liable as a joint tortfeasor for any unlawful act committed by such operator."). "Liability for negligent entrustment arises from the *act of entrustment*, not the relationship of the parties.'" *Sheffer v. Carolina Forge Co.*, 2013 OK 48, ¶ 17, 306 P.3d 544, 550.

Danny Herman argues that Stanley "has failed to set forth any allegations that would support a reasonable inference of [the] prior knowledge" necessary to make a claim for negligent entrustment. Motion at 6. Instead, Danny Herman argues that Stanley's petition makes "a conclusory allegation with no specifics as to what Danny Herman knew or should have known about Taylor or his driving ability." *Id.* The Court agrees. In her response, Stanley cites the Oklahoma Supreme Court's decision in *Green* to note that "a claim for negligent entrustment focuses on the vehicle owner's knowledge of the individual to which their vehicle is entrusted." Resp. [Doc. No. 12] at 13. Despite this acknowledgement, the entirety of the allegations in Stanley's petition regarding this claim reads: "Defendant, Danny Herman Trucking, Inc., was negligent in its hiring, training and retention of the Defendant [Jonathon] T. Taylor; and negligent in its entrustment of its vehicle to him." These conclusory statements fail to allege any facts that would allow the Court to infer that Danny Herman "knew or reasonably should have known that [Taylor] was careless, reckless and incompetent," *Green*, 2003 OK 55, ¶ 23, 70 P.3d at 871. Accordingly, the Court dismisses Stanley's claim for negligent entrustment for failure to state a claim.

In her response, Stanley notes that, "should the Court determine the Plaintiff's Petition is not sufficient, she believes any deficiency can be cured and, therefore, should be afforded an opportunity to amend to replead her negligent entrustment claim." Resp. [Doc. No. 12] at 15 (emphasis omitted). Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave" to amend pleadings "when justice so requires." Where the party has "expressed a willingness to amend," and "'if it is at all

12

possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990)). Here, because the deficiencies in Stanley's complaint are potentially curable, the Motion was directed at a petition drafted under state (versus federal) pleading standards in this removed action, and Stanley seeks the ability to amend her pleading, the Court dismisses the claim for negligent entrustment without prejudice. Should Stanley wish to amend her complaint, she must follow the Federal and Local Civil Rules of Procedure. *Cf.* LCvR7.1(c) ("A response to a motion may not also include a motion or a cross-motion made by the responding party."); *see also* LCvR15.1 (explaining that a party moving to amend a pleading under Federal Rule of Civil Procedure 15 "must attached the proposed pleading as an exhibit to the motion").[5]

## IV.    CONCLUSION

For these reasons, the Court DENIES Danny Herman's Motion [Doc. No. 9] to dismiss Stanley's claims for negligent hiring, training, and retention, and GRANTS Danny Herman's Motion to dismiss Stanley's claim for negligent entrustment and DISMISSES the negligent entrustment claim without prejudice to her right to move to amend her complaint.

---

[5] Before filing any motion for leave to amend, the Court requires the parties to confer to determine if they can resolve any disputes and to avoid further motion practice on the issues.

IT IS SO ORDERED this 16th day of September 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE